IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jami Khaliq, #172330, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 2:05-1104-HMH-RSC |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| H. Freeman; Geraldine P. Miro; Ken Long;) | |
| and George Hagan, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Jami Khaliq ("Khaliq"), proceeding pro se, filed an action under 42 U.S.C. § 1983 for alleged violations of his rights under the First Amendment of the United States Constitution while incarcerated at Allendale Correctional Institution ("ACI"), a South Carolina Department of Corrections facility. The Magistrate Judge concluded that Khaliq failed to state a claim upon which relief may be granted, and recommends that the court dismiss Khaliq's action without prejudice and without issuance and service of process. Khaliq filed objections. For the reasons stated below, the court adopts the Report and Recommendation of the Magistrate Judge and dismisses Khaliq's action.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Khaliq filed his complaint on April 8, 2005.[2] In his complaint, Khaliq seeks "declaratory redress" for alleged constitutional violations which have occurred while he has been imprisoned at ACI. (Compl. ¶ 1.) Specifically, he alleges that on four separate occasions in 2004, prison officials at ACI refused to allow him to send a summons and complaint via certified mail to the South Carolina Attorney General. (Id. at ¶¶ 7,8.) He asserts that H. Freeman ("Freeman"), Geraldine P. Miro ("Miro"), Ken Long ("Long"), and George Hagan ("Hagan") (collectively "defendants") claimed that they are not required to send his summons and complaint via certified mail if he is indigent and does not allow them the opportunity to review the contents of the package. (Id. at ¶ 8.) Khaliq attached a grievance response to his complaint in which Hagan, the warden, instructed Khaliq to "write on the debit form that your legal document is a summons and complaint, and do not seal the envelope. The mailroom staff can then verify the document can be sent certified mail." (Id. at 7 (Grievance Resp).)

Khaliq argues that the prison officials violated his constitutional rights in two ways: (1) by interfering with his access to the court by not sending a summons and complaint to the South Carolina Attorney General via certified mail unless Khaliq permitted them to confirm the contents of the package; and (2) by interfering with his right to communicate confidentially with attorneys. (Id. at ¶¶ 8-10.)

Magistrate Judge Carr recommends dismissing the complaint on the basis that Khaliq has failed to state a claim upon which relief may be granted. As to Khaliq's first claim, the

---

[2]See Houston v. Lack, 487 U.S. 266 (1988).

Magistrate Judge noted that prison officials are permitted by the United States Constitution to search outgoing mail. (Rept. at 4.) Further, the Magistrate Judge found that Khaliq fails to allege an adverse consequence or actual injury arising from the delay or nondelivery of his legal mail. (Id.) As to Khaliq's second claim, the Magistrate Judge determined that the mail directed at the South Carolina Attorney General was not confidential, as the Attorney General is not his lawyer. (Id.)

## II. DISCUSSION

Khaliq filed objections to the Report and Recommendation on May 4, 2005. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Khaliq raises three specific objections. First, Khaliq claims that the Magistrate Judge failed to include a "recommendation about [no. 9] of the Plaintiff [sic] complaint that deals with the sending of legal mail at the expense of the state due to the plaintiff [sic] indigent status." (Obj. at 2.) Notably, Khaliq's complaint does not allege that the defendants flatly refused to send his legal mail, but that they refused to pay to have Khaliq's documents sent via certified mail to the Attorney General if he did not allow prison staff "the opportunity to review [the] legal contents" of his package. (Compl. ¶ 8.)

3

Accordingly, the Report and Recommendation addressed the issue of whether the defendants may inspect Khaliq's outgoing mail before sending it, but did not address a possible claim that the defendants refused to send his mail altogether, as Khaliq did not allege such a claim. Therefore, Khaliq's first objection is without merit.

Second, Khaliq asserts that the defendants' right to inspect and censor mail depends on whether the mail is privileged or general correspondence. (Obj. at 3.) Khaliq contends that "Privileged mail is entitled to greater confidentiality & freedom from censorship & may not be read in the ordinary course of prison routine." (Id. at 4.) Further, Khaliq asserts, "The court has accorded privileged status to mail to the attorney general," and he relies on Muhammad v. Pitcher, 35 F.3d 1081, 1083-86 (6th Cir. 1994). (Id.)

Khaliq's argument is unpersuasive. The controlling law in the Fourth Circuit was stated in Altizer v. Deeds, 191 F.3d 540 (4th Cir. 1999). In Altizer, the Fourth Circuit considered whether prison officials violated an inmate's First Amendment rights when they informed the inmate that "any legal mail he addressed to a clerk of court, two (2) state assistant attorneys general, and one attorney had to be opened, inspected and read, before it would be delivered to the [prison] mailroom for processing." Id. at 542 (internal quotation marks omitted) (emphasis added). The Fourth Circuit held that "although an inmate's First Amendment rights *may* be violated when his outgoing mail is censored, his First Amendment rights are not violated when his outgoing mail is simply opened and inspected for, among other things, contraband." Id. at 549. The court noted that implicit in the United States Supreme Court's ruling in Procunier v. Martinez, 416 U.S. 396 (1974), which permits prison officials to censor certain kinds of outgoing mail based on the written contents of the mail, "is

4

that inmates' outgoing mail may be opened and inspected by prison officials." Altizer, 191 F.3d at 548. Hence, given the "legitimate penological interest in opening and inspecting an inmate's outgoing mail for [impermissible] material," the Fourth Circuit held that there is no First Amendment prohibition against inspecting a prisoner's mail before it is sent.[3]

The court in Altizer therefore found that Altizer's First Amendment rights were not abridged when prison officials inspected his outgoing mail to the state attorney general's office before sending it. Likewise, in this case, the defendants may inspect Khaliq's mail before sending it to the South Carolina Attorney General, and doing so does not infringe on Khaliq's First Amendment rights. As such, Khaliq's First Amendment claim fails to state a claim upon which relief may be granted, and his objection is without merit.

Finally, Khaliq objects to the Magistrate Judge's conclusion that he failed to show an actual injury resulting from the nondelivery of his legal mail. However, because the court concludes that the defendants did not violate Khaliq's First Amendment rights by refusing to pay to mail his documents via certified mail unless Khaliq permitted them to inspect the contents of the package, the court need not consider whether there was an actual injury to support his claim as an alternative basis for dismissal. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

---

[3]The Fourth Circuit noted that inspecting an inmate's legal mail may implicate the inmate's Sixth Amendment rights if the inmate is attempting to communicate with an attorney in a criminal case. See, Altizer, 191 F.3d at 549 n.14. However, Khaliq has not alleged that he was attempting to communicate with his attorney in a criminal case. Hence, Khaliq has not alleged a violation to his Sixth Amendment rights.

5

Therefore, it is

**ORDERED** that Khaliq's § 1983 action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 8, 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.